IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH TERRY and JONAH ROSS TERRY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 09-00722-KD-N |
| GROVER SMITH, et al., | ) ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action is now before the Court on defendants' respective motions to dismiss: (1) the motion (docs. 71-72) filed by Grover Smith and Bruce Shue[1]; (2) the motion (docs. 74-75) filed by John T. Moore[2]; and (3) the motion (docs. 77-78) filed by Arthur Mothershed and Larry Hammonds[3]. These matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of these motion, plaintiffs' lack of opposition thereto[4], and all other pertinent portions of the record, it is recommended that defendants' motions to dismiss be **GRANTED**.

---

[1] Grover Smith is the Sheriff of Escambia County, Alabama. [First Amended Complaint (doc. 18) at 2]. Bruce Shue is an Escambia County Deputy Sheriff. [*Id*.].

[2] John T. Moore is a lawyer who serves as legal counsel to the Escambia County Commission. [First Amended Complaint (doc. 18) at 2].

[3] Arthur Mothershed is the Treasurer of the Poarch Band of Creek Indians Tribal Council and Property Manager of the Poach Band of Creek Indians' Wind Creek Casino and Hotel, and Larry Hammonds is the Chief of Police of the Poarch Band of Creek Indians (collectively "the Tribal Officials"). *See* http://www.poarchcreekindians-nsn.gov/xhtml/gov_dept.htm.

[4] Plaintiff was required to respond to these motions by June 20, 2011, pursuant to the Court's Orders entered June 2, 2011 (docs. 76, 79). Plaintiff neither responded to any of the motions nor sought an extension of time within which to do so.

I.      FACTUAL AND PROCEDURAL BACKGROUND.

The plaintiffs, Joseph Terry and Jonah Ross Terry, initiated this action on November 3, 2009. Their Complaint (doc. 1) purported to raise claims against various officials and individuals under 42 U.S.C. §1983 and 42 U.S.C. §1985. Aside from identifying the parties, the three page Complaint provided scant factual detail in support of plaintiffs' claims. The defendants filed motions to dismiss the Complaint and alternatively sought a stay of this action pending adjudication of related parallel state criminal charges (docs. 8-9, 13-14). Plaintiffs filed responses in opposition (docs. 19,20, 22) as well as their First Amended Complaint (doc. 18). Defendants filed second motions to dismiss plaintiffs' First Amended Complaint and again alternatively sought a stay (docs 25-26, 30-32).

A series of delays (*see* docs. 33, 35, 40, 42, 44, 46) culminated in this Court's Order (doc. 54) of August 4, 2010, that (1) stayed this action as to the Tribal Officials, Sheriff Smith, Deputy Shue, and Mr. Moore until the criminal cases against the plaintiffs were completed, and (2) denied the motions to dismiss filed by the Tribal Officials, Sheriff Smith, Deputy Shue, and Mr. Moore "without prejudice to refiling them at the conclusion of the stay." The Court thereafter dismissed all claims against Circuit Judge J. David Jordan and District Attorney Stephen Billy (doc. 58), and the stay continued as to the remaining defendants (*see* docs. 63, 64, 65, 66) until it was lifted by agreement of the parties (doc. 69) and the Court's Order (doc. 70) entered May 16, 2011.

The operative complaint in this action is the First Amended Complaint (doc. 18) filed by plaintiffs on December 15, 2009. The plaintiffs allege therein that, on October 7, 2009, they were arrested by Sheriff Grover Smith and Deputy Bruce Shue and charged

with Criminal Trespass Third Degree.[5] (Doc. 18 at ¶¶ III. A. and B.). Plaintiffs claim ownership of the property on which they were trespassing, which is known as "old County Road 14." (*Id*. at ¶¶ III. B. and C.). Plaintiffs allege that the Tribal Officials "conspired [with the other named Defendants] to cause" the arrest of Plaintiffs. (*Id*. at ¶ III. F.). Plaintiffs assert a claim under 42 U.S.C. § 1983 against Sheriff Smith and Deputy Shue for conspiracy "with the other Defendants . . . to deprive the Plaintiffs of their liberty and their right to use their property and used the court system to accomplish the conspiracy." (*Id*. at ¶ IV. A.). Plaintiffs assert a claim under 42 U.S.C. § 1985 alleging that "All Defendants conspired for the purpose of depriving the Plaintiffs of their liberty and right of use of their property guaranteed to them under Amendments IV and V of the United States Constitution." (*Id*. at ¶ IV. B.).

The present motions to dismiss (docs. 71-72, 74-75, and 77-78) were filed on June 1 and 2, 2011, respectively. The briefing deadlines established by the undersigned (docs. 76, 79) have now lapsed without either a response by the plaintiffs or any request for

---

[5] Plaintiffs allege, in sum, that around October 7, 2009 they were working on their property in Escambia County, Alabama and were arrested by Sheriff Grove Smith and Deputy Bruce Shue and charged with Criminal Trespass 3rd . (Doc. 18) Plaintiffs contend that "[p]rior to this arrest Sheriff Smith and Deputy Shue were advised by the Plaintiffs that the Escambia County Commission had vacated the road and that the property belonged to the Terrys." (*Id*. at p. 3) Plaintiffs further allege that as a condition of the bond they were ordered to "stay off 'old County Road 14 stay off property that is owned by Escambia County Commission on old County Road 14." (*Id*. at p.4) Plaintiffs allege that "[i]t is undisputed that the old County Road 14 has been vacated by the Escambia County Commission" and that "[p]rior to the arrest both [defendants] Hammonds and Mothershed had conversations with the Terrys regarding ownership of old County 14 and the placement of the casino on the Terrys' property" and that "Sheriff Smith, Deputy Shue, Hammonds and Mothershed conspired to cause these arrests in an effort to gain advantage over negotiations regarding the purchase of certain disputed property." (*Id*.) Plaintiffs further allege that "[a]ll of the Defendants named herein had knowledge prior to the arrest that the Escambia County Commission had vacated old County Road 14 and that the Escambia County Commission had no ownership interest in said property at the time of the Plaintiffs' arrest." (*Id*. at p. 5)

additional time in which to file a response. The matters, consequently, are now ripe for the court's consideration.

   II.   STANDARD OF REVIEW.[6]

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley, 355 U.S. at 47. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. The Supreme Court emphasized, however, that "we do not

---

[6] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto'." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000), *quoting*, GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir.1993). All "reasonable inferences" are drawn in favor of the plaintiffs. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

4

require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court recently reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009). The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557. The Iqbal Court explained:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S.Ct. at 1949-50 (citation and internal punctuation omitted). *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8. *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550

5

U.S. at 570]"). With this legal framework in mind the Court now turns to the merits of defendants' motions to dismiss.

   III.   ANALYSIS.

       A.   Sheriff Grover Smith and Deputy Sheriff Bruce Shue.

Plaintiffs assert their claims against Sheriff Smith and Deputy Shue under 42 U.S.C. §§ 1983 and 1985[7] for deprivation of their liberty and property rights guaranteed by the Fourth and Fifth Amendments to the United States Constitution. (Doc. 18 at ¶¶ IV. A. and B.). Sheriff Smith and Deputy Shue seek dismissal of the § 1985 claim on the grounds that, in sum, plaintiffs have not alleged any facts that support a plausible claim for civil conspiracy. (Doc. 72 at 3-4).

Plaintiffs' § 1985 claim against Sheriff Smith and Deputy Shue is predicated solely on the contention that "[a]ll Defendants conspired for the purpose of depriving the Plaintiffs of their liberty and right of use of their property guaranteed to them under Amendments IV and V of the United States Constitution." (Doc. 18 at ¶ IV. B.). As this Court previously concluded with respect to plaintiffs claims against Judge J. David Jordan and District Attorney Stephen Billy[8], a claim for conspiracy to interfere with civil rights and privileges is cognizable under 42 U.S.C. § 1985, which requires that the following elements be alleged and proven:

---

[7] "Section 1985(3) creates a cause of action for damages against conspiracies which deprive persons of the equal protection of law or other federal rights, privileges or immunities." Smith v. Belle, 321 Fed.Appx. 838 (11th Cir. 2009) quoting Arnold v. Board of Educ. of Escambia County Ala., 880 F.2d 305, 317 (11th Cir.1989), *overruled on other grounds by,* Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

[8] *See* Amended Report and Recommendation (doc. 57) at 12-13 (adopted as the opinion of the Court (doc. 58)).

> (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States.

Jimenez v. Wellstar Health System, 596 F.3d 1304, 1312 (11th Cir. 2010). *See also*, Lucero v. Operation Rescue in Birmingham, 954 F.2d 624, 627 (11th Cir. 1992)(same), *quoting* United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). The Eleventh Circuit further held that "the second element requires a showing of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action'." Lucero, 954 F.2d at 628, *quoting* Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

The complaint in this case contains no allegation that the plaintiffs were subjected to any class-based discrimination or that the actions of Sheriff Smith and Deputy Shue were in any way motivated by class-based discriminatory animus. *See* Montford v. Moreno, 2005 WL 1369563, *8 (11th Cir. June 9, 2005)(" Montford made only conclusory allegations of a conspiracy and failed to allege any evidence that the defendants reached an understanding to violate his rights. Moreover, Montford alleges the defendants' discriminatory intent only in a conclusory manner. Even reading Montford's complaint liberally, as we must, we conclude that Montford failed to state a valid claim under 42 U.S.C. § 1985.")(internal citation omitted). Because plaintiffs have

not alleged any facts that support a plausible claim for civil conspiracy, their §1985 claims against Sheriff Smith and Deputy Shue are due to be dismissed. [9]

B.  John T. Moore.[10]

The amended complaint mentions John T. Moore in the caption and in paragraph II. D. on page 2 where he is identified as being a resident citizen of Escambia County that is over the age of nineteen years who serves as the attorney for the Escambia County Commission. (Doc. 18 at 2). The only other place he is mentioned is in paragraph III. G., which states:

> Defendants Stephen Billy, David Jordan and John T. Moore conspired with the other Defendants herein above named to deprive the Plaintiffs of their liberty and their right to use their property and used the court system to accomplish the conspiracy.

(*Id*. at 4-5). The next paragraph of the Amended Complaint then states:

> All of the Defendants named herein had knowledge prior to the arrest that the Escambia County Commission had vacated old County Road 14 and that the Escambia County Commission had no ownership interest in said property at the time of the Plaintiffs' arrest.

(*Id*. at 5). These two paragraphs are the sum total of plaintiffs' allegations against Mr. Moore. The scant recitation of facts in the complaint do not indeed permit the Court to infer more than the mere possibility of an alleged conspiracy or actionable conduct on the part of Mr. Moore, and the complaint does not, therefore, show that plaintiffs are entitled to any relief. Iqbal, 129 S.Ct. at 1950. *See also* Twombley, 550 U.S. at 570; Sinaltrainal

---

[9] This action will continue as to plaintiffs' § 1983 claims against Sheriff Smith and Deputy Shue, in their individual capacities (*see* doc. 22 at ¶ 2).

[10] John T. Moore is a lawyer who serves as legal counsel to the Escambia County Commission. (Doc. 18 at 2). The Order of August 4, 2010 (doc. 54) incorrectly refers to Mr. Moore as a County Commissioner.

v. Coca-Cola Co., 578 F.3d 1252, 1268-69 (11th Cir. 2009). Plaintiffs' sole claim against Mr. Moore is the same conspiracy claim under § 1985 which plaintiffs assert against Sheriff Smith and Deputy Shue. Consequently, this § 1985 claim against Mr. Moore is due to be dismissed for the same reasons stated above as to Sheriff Smith and Deputy Shue.

Although unclear, to the extent plaintiffs also assert a claim against Mr. Moore under § 1983, Mr. Moore has asserted qualified immunity as a defense. Plaintiffs' pleadings must, with respect to this defense, comply with the standards of Iqbal. Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)("[T]he legal conclusions in a complaint must be supported by factual allegations, and that only a complaint which states a plausible claim for relief shall survive a motion to dismiss."). Upon review of the pleadings, the undersigned finds that they do not.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation'." Saucier v. Katz, 533 U.S. 194, 200 (2001)(*quoting* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The immunity accorded is "an immunity from suit rather than a mere defense to liability." *Id.* To that end, the issue of qualified immunity should be determined early in the litigation process. Saucier, 533 U.S. at 201. In the context of a Rule 12(b)(6) assertion of qualified immunity, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806 (1985).

"Once the affirmative defense of qualified immunity is advanced, the allegations of the complaint take on great importance in a lawsuit." Marsh v. Butler County, 268

F.3d 1014, 1022 (11th Cir. 2001). A complaint must "include the specific, nonconclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity." Veney v. Hogan, 70 f.3d 917, 922 (6th Cir. 1995)(*cited with approval*, Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)). In other words, the burden is on the plaintiffs to show that it would be inappropriate for Mr. Moore to receive qualified immunity in this case. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). To meet their burden, plaintiffs must first show that "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show [Mr. Moore's] conduct violated a constitutional right?" *Id*., *quoting* Saucier, 533 U.S. at 201. "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* The second step of the inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* As applied to this case, however, the plaintiffs have asserted no facts in their complaint which could overcome Mr. Moore's defense of qualified immunity. *See* Gonzalez, 325 F.3d at 1235. There is simply no factual allegation as to what specific conduct by Mr. Moore "violat[ed] the plaintiffs' federal rights in the circumstances." Plaintiffs have failed in their complaint to state any plausible claim that Mr. Moore violated clearly established law. Qualified immunity is the usual rule, and "only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." Lassiter v. Alabama A&M University, 28 F.3d 1146, 1150 (11th Cir. 1994). By failing to plead any facts supporting their claim against Mr. Moore, plaintiffs have

failed to demonstrate that this is the exceptional case that would warrant denial of qualified immunity to Mr. Moore.

Mr. Moore is entitled to qualified immunity from suit in this case because the complaint fails to allege that he did anything that violated plaintiffs' constitutional rights. Efforts to hold government lawyers personally liable for good faith legal positions would create an irreconcilable ethical dilemma. Without immunity, government lawyers who advocate legitimate legal arguments, or who provide their clients with legitimate legal advice, would do so at their peril, risking personal liability that would inevitably interfere with the lawyers' ethical duties owed to their clients. *See* Lee, 284 F.3d at 1194 ("The purpose of this immunity is to allow government officials to carry out their discretionary duties without fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."). Accordingly, the undersigned finds that all claims against Mr. Moore are due to be dismissed pursuant to Rule 12(b)(6).

    C. <u>Arthur Mothershed and Larry Hammonds</u>.

Plaintiffs allege that Arthur Mothershed, the Treasurer of the Poarch Band of Creek Indians Tribal Council and Property Manager of the Poach Band of Creek Indians' Wind Creek Casino and Hotel, and Larry Hammonds, the Chief of Police of the Poarch Band of Creek Indians (collectively "the Tribal Officials") "conspired [with the other named Defendants] to cause" the arrest of Plaintiffs. (Doc. 18 at ¶ III. F.). Plaintiffs' amended complaint fails to allege factual grounds which would "raise a right to relief above the speculative level" and fails to provide the elements necessary to entertain the federal theory alleged against the Tribal Officials. At best, Plaintiffs support the

11

allegation against the Tribal Officials with three conclusory allegations: (1) that Plaintiffs' arrest was made at the request of one or both of the Tribal Officials; (2) that the Tribal Officials "had conversations" with Plaintiffs regarding the ownership of certain property, and (3) that the Tribal Officials "conspired" with other Defendants "to cause" Plaintiffs' arrest to gain advantage in the purchase of certain property. (Doc. 18 ¶ III. F.)

As was true with respect to their claims against the other named defendants in this case, the scant recitation of facts in the complaint do not permit the Court to infer more than the mere possibility of an alleged conspiracy or actionable conduct on the part of Mr. Mothershed and Chief Hammonds, and, the complaint does not, therefore, show that plaintiffs are entitled to any relief. Iqbal, 129 S.Ct. at 1950. *See also* Twombley, 550 U.S. at 570; Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268-69 (11th Cir. 2009).

With specific reference to § 1985, plaintiffs' claim against Mr. Mothershed and Chief Hammonds, is the same conspiracy claim under § 1985 which plaintiffs assert against Sheriff Smith, Deputy Shue and Mr. Moore. Consequently, this § 1985 claim against Mr. Moore is due to be dismissed for the same reasons stated herein above as to Sheriff Smith, Deputy Shue and Mr. Moore.

Even if Plaintiffs could allege facts to satisfy the requirements of Iqbal/Twombly and their progeny, the Tribal Officials would be entitled to immunity for their actions. "Indian tribes retain their original natural rights which vested in them, as sovereign entities, long before the genesis of the United States." Paraplegic Assoc., Inc. v. Miccosukee Tribe of Indians of Florida, 166 F.3d 1126, 1130 (11th Cir. 1999); Freemanville Water Sys. v. Poarch Band of Creek Indians, 563 F.3d 1205 (11th Cir. 2009). The Tribe's sovereign immunity extends to its governmental personnel (i.e., tribal

officials such as tribal council members and the tribal police chief). "[T]ribal officers are protected by tribal sovereign immunity when they act [1] in their official capacity and [2] within the scope of their authority . . . ." <u>Tamiami Partners, Ltd. by & Through Tamiami Dev. Corp. v. Miccosukee Tribe of Indians</u>, 177 F.3d 1212, 1225 (11th Cir. 1999), cert. denied, 529 U.S. 1018 (2000). To the extent the Tribal Officials acted at all (in having "conversations with" Plaintiffs regarding "the casino" Doc. 18 at ¶ III.F), they clearly acted in their official capacities and within the scope of their authority. Consequently, even if plaintiffs could state a claim, any such claim is barred by the Tribal Officials' sovereign immunity. Accordingly, the undersigned concludes that Plaintiffs' complaint against the Tribal Officials is, due to be dismissed for failure to state a claim.

IV. <u>CONCLUSION</u>.

For the reasons stated above, it is the recommendation of the undersigned that the motions to dismiss(docs. 71-72, 74-75, and 77-78) be **GRANTED** and all claims against these defendants be **DISMISSED** with prejudice, **except** the Section 1983 claims against Sheriff Grover Smith and Deputy Sheriff Bruce Shue. It is further recommended that defendants Smith and Shue be directed to Answer the remaining claims within fourteen days of any Order of the District Judge adopting this Report and Recommendation.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this ___19th___ day of July, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

13

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
# AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

**Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[11] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

**Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this  19th   day of July, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[11] Effective December 1, 2009, the time for filing written objections was extended to 14 days after being served with a copy of the recommended disposition. Fed.R.Civ.P. 72(b)(2).